929 So.2d 172 (2006)
Lionel BROWN
v.
Gerard ARCHER, et al.
No. 2006-CA-0262.
Court of Appeal of Louisiana, Fourth Circuit.
March 21, 2006.
*173 Ike Spears, Derek Russ, Spears & Spears, Port Allen, Counsel for Plaintiff/Appellant.
Terry Boudreaux, Metairie, Counsel for Defendant/Appellee.
(Court composed of Judge CHARLES R. JONES, Judge MICHAEL E. KIRBY, Judge MAX N. TOBIAS Jr., Judge LEON A. CANNIZZARO Jr., Judge ROLAND L. BELSOME).
ROLAND L. BELSOME, Judge.

STATEMENT OF THE CASE:
Plaintiff-Appellant, Lionel Brown, appeals the trial court's denial of his Petition to Challenge Candidate's Qualifications for Office alleging that Gerard Archer ("Mr. Archer") did not meet the requisite qualifications for the Office of Assessor for the Fourth Municipal District of the City of New Orleans. More particularly, Appellant contends that Mr. Archer is not a resident of the Fourth Municipal District and has not been domiciled in that district for the required period of one year.
The trial court found that Appellant misinterpreted the domiciliary and residency requirements for qualification for the Office of Assessor for the Fourth Municipal District of the City of New Orleans. It found that the Constitution and laws of the State of Louisiana do not require that a candidate for said position be domiciled in the municipal district for which he qualifies as a candidate, so long as he has been domiciled in the Parish of Orleans for the requisite period of one year. The trial court then made the determination that Mr. Archer was qualified to run as a candidate for tax assessor in the Fourth Municipal District of Orleans Parish.

FACTS:
The parties largely stipulated to most of the relevant facts in this case. Mr. Archer moved into a residence at 6737 General Haig Street in New Orleans in March of 2005, which is in the Second Municipal District. He was registered to vote at the General Haig Street address from June 28, 2005 until November 9, 2005. His General Haig Street residence suffered substantial flooding during Hurricane Katrina, and as a consequence, Mr. Archer moved his residence to 1233 Seventh Street, which is located in the Fourth Municipal District, in October of 2005. He lives there with his family. His driver's license has the Seventh Street address on it, he receives bills there, and he has been registered to vote at that location since November 9, 2005.

*174 STANDARD OF REVIEW:
A court of appeal may not set aside a trial court's or a jury's finding of fact in the absence of "manifest error" or unless it is "clearly wrong." Rosell v. ESCO, 549 So.2d 840 (La.1989). The Louisiana Supreme Court has provided a two-part test for the reversal of a fact finder's determinations: (1) The appellate court must find from the record that a reasonable factual basis does not exist for the finding of a trial court; and (2) the appellate court must further determine that the record establishes that the finding is clearly wrong or manifestly erroneous. Arceneaux v. Domingue, 365 So.2d 1330 (La. 1978); Stobart v. State of Louisiana, Through the Dept. of Transp. & Development, 617 So.2d 880 (La.1993); McElveen v. City of New Orleans, XXXX-XXXX, p. 4 (La.App. 4 Cir. 9/14/04); 888 So.2d 878, 880-81.

LAW AND ANALYSIS:
Appellant argues that Mr. Archer failed to meet the domiciliary and residency prerequisites outlined by LSA-Const. Art. VII, § 24 and La. R.S. 18:451.2. Appellant further claims that it is a requirement that a candidate for tax assessor in Orleans Parish be a domiciliary for at least one year prior to qualification in both the parish and in the Municipal District he seeks to represent. We agree with the former but disagree with the latter.
A review of the Constitutional and statutory enactments provides the following:
At the time he files his notice of candidacy, a candidate for sheriff, tax assessor, or clerk of court shall have resided in the state for the preceding two years and shall have been actually domiciled for the preceding year in the parish from which he seeks election. . .
LSA-R.S. 18:451.2 (emphasis added.)
The Louisiana Constitution provides the following regarding tax assessors:
(B) Orleans Parish. There shall be seven assessors in New Orleans, who shall compose the Board of Assessors for Orleans Parish. One shall be elected from each municipal district of New Orleans, and each shall be a resident of the district from which he is elected. The assessors shall be elected at the same time as the municipal officers of New Orleans, for terms of four years each. Their duties and compensation shall be as provided by law.
LSA-Const. Art. VII, § 24 (emphasis added).
From these two sources, we can state the following facts about candidate qualification in an Orleans Parish Tax Assessor Election.
1. The candidate must have resided in Louisiana for at least two years before qualification.
2. The candidate must have been domiciled in Orleans Parish for at least one year before qualification.
3. The candidate must be a resident in the Municipal District he/she wishes to represent.
We note that Appellant incorrectly construes "domicile" and "residence" to be the same. "The terms `residence' and `domicile' are legal terms that are not synonymous. The most oft-cited difference between the two concepts is that a person can have several residences, but only one domicile." Landiak v. Richmond, XXXX-XXXX, p. 8 (La.3/30/05); 899 So.2d 535, 542 (internal citations omitted).
Pre-trial stipulations address the state and parish domiciliary and residency requirements. The only domiciliary requirement for a candidate seeking to become an Orleans Parish tax assessor is that the candidate must have been domiciled in Orleans *175 Parish for at least one year preceding qualification. La. R.S. 18:451.2. Both parties stipulated that Mr. Archer has been registered to vote in Orleans Parish since 1988, and Mr. Archer testified that he has been domiciled in Orleans Parish since 1981. It is clear that Mr. Archer has been domiciled in Orleans Parish in excess of one year.
A candidate for Orleans Parish tax assessor must be a resident in that Municipal District he wishes to represent. LSA-Const. Art. VII, § 24. Whether the candidate has resided in that Municipal District for 10 years or 10 days preceding qualification appears to be irrelevant. In fact, the constitutional provision does not specify whether the tax assessor must be a resident at the time of qualification or at the time of election. Mr. Archer demonstrated by clear and convincing evidence that he was a legal resident of the Fourth Municipal District. Mr. Archer testified that his Seventh Street home is his residence and domicile and that he lives there with his family. At trial, Mr. Archer produced evidence verifying that he is registered to vote at the Seventh Street address, his driver's license has his Seventh Street address on it, and he receives bills there.[1] We find that Mr. Archer met the legal requirements to qualify as a candidate for tax assessor in the Fourth Municipal District of Orleans Parish.
Appellant further contends that Mr. Archer failed to meet the domiciliary and residency prerequisites outlined by LSA-Const. Art. VII, § 24 and La. R.S. 18:101, and as such Mr. Archer isn't a qualified elector in the Fourth Municipal District. Appellant argues that because Mr. Archer took a homestead exemption on his General Haig property, which is located in the Second Municipal District, he is required to vote in that Municipal District, according to La. R.S. 18:101. He contends that this requirement to vote in the Second Municipal District prevents Mr. Archer from being a legal voter in the Fourth Municipal District, a requirement found in the qualification forms for tax assessor in the Fourth Municipal District.
La. R.S. 18:101 governs the qualifications for voter registration and provides:
For purposes of the laws governing voter registration and voting, "resident" means a citizen who resides in this state and in the parish, municipality, if any, and precinct in which he offers to register and vote, with an intention to reside there indefinitely. If a citizen resides at more than one place in the state with an intention to reside there indefinitely, he may register and vote only at one of the places at which he resides. However, if a person claims a homestead exemption, pursuant to Article VII, Section 20 of the Constitution of Louisiana, on one of the residences, he shall register and vote in the precinct in which that residence is located. For purposes of voter registration and voting, the residence of a married woman shall be determined in the same manner as is required for any other citizen. A citizen of this state shall not be or remain registered or vote in more than one place of residence at any one time. (emphasis added).
It is undisputed that in 2005 Mr. Archer took a homestead exemption on his property in the Second Municipal District. However, the record is void of any evidence that Mr. Archer is currently enjoying a homestead exemption on his General Haig Street property. At the very least, the *176 record is inconclusive as to whether Mr. Archer is currently maintaining a homestead exemption on the General Haig property.
As the Supreme Court recently reminded us, "[t]he law favors candidacy and must be liberally construed so as to promote rather than defeat candidacy." Landiak v. Richmond, XXXX-XXXX, pp. 6-7 (La.3/30/05); 899 So.2d 535, 541. The Court continued, "[b]ecause election laws must be interpreted to give the electorate the widest possible choice of candidates, a person objecting to candidacy bears the burden of proving that the candidate is disqualified." Landiak, p. 7, 899 So.2d at 541. Simply stated, Appellant has not proven that Mr. Archer is currently disqualified from voting in the Fourth Municipal District. The trial court was not manifestly erroneous when it concluded that Mr. Archer met the domiciliary and residency requirements to qualify as a candidate for Orleans Parish Tax Assessor in the Fourth Municipal District.

CONCLUSION
For the foregoing reasons, the trial court's judgment is affirmed.
AFFIRMED.
NOTES
[1] His General Haig Street residence was flooded during Hurricane Katrina and has been uninhabitable since.